UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SAYLOR,

        Petitioner,         Case Number: 2:14-CV-14557

v.        HONORABLE PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

RANDALL HAAS,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING CERTIFICATE OF APPEALABILITY**

**I. Introduction**

Petitioner David Saylor, a state prisoner currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He pleaded guilty in Saginaw County Circuit Court to first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(A). Respondent has filed a motion for summary judgment, arguing that the petition should be denied because it is untimely. For the reasons stated herein, the Court finds the petition for a writ of habeas corpus is untimely and grants the Respondent's motion. The Court also declines to issue Petitioner a certificate of appealability.

## II.  Procedural Background

On July 9, 2008, Petitioner was sentenced to 25 to 40 years' imprisonment for first-degree criminal sexual conduct.  Petitioner moved for the appointment of appellate counsel.  The trial court denied the motion because, as part of his plea agreement, Petitioner waived the appointment of appellate counsel.  7/28/2008 Order, *People v. Saylor*, No. 08-030880 (ECF No. 9-13, Pg. ID 283-84).  The Michigan Court of Appeals subsequently found the Saginaw Circuit Court's practice of including waiver of appellate counsel in plea agreements was unconstitutional.  *People v. Billings*, 770 N.W.2d 893 (Mich. Ct. App. 2009).  The trial court then granted Petitioner's renewed request for appointment of appellate counsel.  2/22/10 Order, *People v. Saylor*, No. 08-030880 (ECF No. 9-13, Pg. ID 281).

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals.  The Michigan Court of Appeals denied leave to appeal.  *People v. Saylor*, No. 302633 (Mich. Ct. App. March 30, 2011).  The Michigan Supreme Court then denied Petitioner's application for leave to appeal on March 28, 2012.  *People v. Saylor*, 491 Mich. 890 (Mich. March 28, 2012).

On June 10, 2013, Petitioner filed a motion for relief from judgment in the trial court.  (ECF No. 9-5).  The trial court denied the motion.  10/22/13 Order, *People v. Saylor,* No. 08-030880 (ECF No. 9-11).  Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, which the court denied on September 19, 2014.

*People v. Saylor*, No. 321447 (Mich. Ct. App. Sept. 19, 2014).  Petitioner did not file an application for leave to appeal in the Michigan Supreme Court.  4/1/15 Affidavit of Larry Royster, Clerk, Michigan Supreme Court (ECF No. 9-16, Pg. ID 436).

Petitioner filed the pending habeas petition on November 26, 2014.

### III.  Summary Judgment Standard

A motion for summary judgment under Fed. R. Civ. P. 56 presumes the absence of a genuine issue of material fact for trial.  The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record which demonstrate the absence of a genuine dispute over material facts.  *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002).  The party opposing the motion then may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).  A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff."  *Anderson,*

477 U.S. at 252. If the non-moving party, after sufficient opportunity for discovery, is unable to meet his or her burden of proof, summary judgment is clearly proper. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### IV. Discussion

Respondent argues that the petition is barred by the one-year statute of limitations. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D). The one-year limitation period begins at the expiration of the deadline for filing a petition for a writ of certiorari to the United States Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitation period. 28 U.S.C. § 2244(d)(2); *Ege v. Yukins*, 485 F.3d 364, 371-72 (6th Cir. 2007). A properly filed application for state post-conviction relief, while tolling the limitation period, does not re-fresh the limitation period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Petitioner appealed his conviction first to the Michigan Court of Appeals, and then to the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on March 28, 2012. Petitioner had ninety days from March 28, 2012, to file a petition for writ of certiorari with the United States Supreme Court, which he did

not do. Thus, his conviction became final on June 26, 2012, when the time period for seeking certiorari expired. *Bronaugh*, 235 F.3d at 283 (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. *Id.* at 285. Accordingly, the limitations period commenced on June 27, 2012, and continued to run until Petitioner filed a motion for relief from judgment on June 10, 2013. That motion, a properly filed motion for state-court collateral review, tolled the limitations period with 16 days remaining. *See* 28 U.S.C. § 2244(d)(2). The trial court denied the motion for relief from judgment and Petitioner sought leave to appeal from the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal on September 19, 2014. Because Petitioner failed to seek leave to appeal to the Michigan Supreme Court, the limitations period resumed running on September 20, 2014, the day after the Michigan Court of Appeals denied leave to appeal. *Evans v. Chavis*, 546 U.S. 189, 197 (2006); *Ross v. McKee*, 465 F. App'x 469, 473 (6th Cir. 2012). It continued to run, uninterrupted until it expired on October 5, 2014. Petitioner's habeas petition was filed on November 26, 2014, fifty-three days after the limitations period expired.[1]

---

[1] Respondent states that the petition was not dated by Petitioner and, therefore, should be considered filed on the actual date it was received by the Court. Respondent is mistaken. The petition is signed and dated November 26, 2014, and is considered filed on that date. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999), *citing Houston v. Lack*, 487 U.S. 266, 270-72 (1988).

Petitioner argues that the time for filing his habeas petition should be equitably tolled because the attorney who represented him for the filing of his motion for relief from judgment in the trial court misled him causing him not to file an application for leave to appeal in the Michigan Supreme Court. Equitable tolling is available to toll a statute of limitations when "'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010), *quoting Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). The one-year limitations period applicable to § 2254 is "subject to equitable tolling in appropriate cases." *See Holland v. Florida*, 560 U.S. 631, 645 (2010). To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007), *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Robertson*, 624 F.3d at 784.

Petitioner argues that equitable tolling should be granted because Sheldon Halpern, the attorney who represented Petitioner in the filing of a motion for relief from judgment in the trial court, misled Petitioner into believing he would assist him in filing an application for leave to appeal to the Michigan Supreme Court. Two documents appended to Petitioner's habeas petition fail to support his claim. First, a March 13, 2014 letter from Mr. Halpern to Petitioner clearly states that Petitioner did not retain Mr.

6

Halpern to file an appeal in the Michigan Court of Appeals or Michigan Supreme Court. In that letter, Mr. Halpern also advised Petitioner he should timely file an application for leave to appeal in the Michigan Supreme Court if the Michigan Court of Appeals denied his application for leave to appeal. Mr. Halpern stated that Petitioner "may send [the application for leave to appeal to the Michigan Supreme Court] to me for my input/suggestions which I will do pro bono." 3/13/2014 Letter, ECF No. 1, Pg. ID. 17. Second, in Petitioner's October 15, 2014 letter to Mr. Halpern, Petitioner states that he is enclosing a copy of his application for leave to appeal for comment and that the deadline for filing his application in the Michigan Supreme Court is November 14, 2014. 10/15/14 Letter, ECF No. 1, Pg. ID 18. Petitioner provides no further evidence of communication to or from Mr. Halpern.

The foregoing is insufficient to show that Mr. Halpern misled or abandoned Petitioner. Mr. Halpern was not representing Petitioner in his appeals to the Michigan Court of Appeals or Michigan Supreme Court. He did not offer to file Petitioner's application in the Michigan Supreme Court. Petitioner was well aware of his state court filing deadlines. While Petitioner may have preferred to receive Mr. Halpern's comments before filing his application in the Michigan Supreme Court, he could have timely filed an application before receiving those comments. There is no indication Petitioner was led to believe that Mr. Halpern would file the application on his behalf. Petitioner's allegations are, therefore, insufficient to warrant equitable tolling.

## V.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).  To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely.  Therefore, the Court denies a certificate

of appealability.

## VI. Conclusion

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period. Accordingly, the Court GRANTS Respondent's Motion for Summary Judgment (ECF No. 8) and the petition for a writ of habeas corpus is DISMISSED. The Court DENIES a certificate of appealability.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  October 19, 2015

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 19, 2015.

s/Deborah Tofil
Case Manager