UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SAYLOR,

                Petitioner,

v.

NOAH NAGY,[1]

                Respondent.

_____/

Case No. 2:14-cv-14557

Paul D. Borman
United States District Judge

## OPINION AND ORDER DENYING (1) PETITION FOR WRIT OF HABEAS CORPUS, (2) CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner David Saylor, a state prisoner currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He pleaded guilty in Saginaw County Circuit Court to first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(A). The petition raises claims of an unknowing and involuntary plea, ineffective assistance of trial and appellate counsel, jurisdictional defects, and an unconstitutional sentence. As explained further below, the Court dismisses the petition because the claim does not satisfy the strict standards for habeas corpus relief.

---

[1] The Court amends the caption to reflect the name of Petitioner's current warden. *See* Rule 2(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

## I.   BACKGROUND

On May 22, 2008, Petitioner waived his right to a preliminary examination and entered a guilty plea to a single count of first-degree criminal sexual conduct, person under thirteen years of age. Mich. Comp. Laws § 750.520b(1)(A). In exchange for Petitioner's plea, Prosecutor James Borchard indicated the People would dismiss four additional counts of the same charge and recommend a sentence of twenty-five to forty years, reflecting the statutory mandatory minimum for the offense. (ECF No. 28-1, 5/22/08 Hr'g Tr., PgID 613.)

At the plea hearing, the court reviewed with Petitioner the terms of the plea agreement, the maximum possible sentence of life or any term of years, and the trial and appellate rights he would waive if the court accepted his plea. (*Id.* at PgID 616–20.) In establishing the factual basis for his plea, Petitioner acknowledged that he caused his daughter to suck his penis repeatedly between June 1, 2006 and April 26, 2008, when she was between the ages of two and four years. (*Id.* at PgID 621.) Petitioner voluntarily confessed to these actions to the Sheriff's Department. (*Id.*) Following its acceptance of the plea, the court ordered "DNA profiling in accordance with state law." (*Id.* at PgID 623.) Neither Petitioner's attorney nor the court mentioned lifetime electronic monitoring or sex offender registration as a consequence of the conviction.

On June 4, 2008, having obtained new counsel, Petitioner moved to withdraw his plea as unknowing. (ECF No. 9-1, Trial Ct. Dkt., PgID 70; ECF No. 9-3, 6/16/08 Mot. Hr'g, PgID 98.) The new attorney argued Petitioner's prior attorney told Petitioner at the May 22 hearing that he had two options: take the 25-to-40-year offer or receive a life term. (ECF No. 9-3, 6/16/08 Mot. Hr'g, PgID 94–95.) The plea attorney was unprepared, and Petitioner had no more than five minutes with him to decide whether to take the plea offer. (*Id.* at PgID 94–95, 98.) The trial court, Judge Fred Borchard[2] (brother of James Borchard), presiding, denied the motion on the basis that Petitioner had not met the state court rule's criteria for plea withdrawal. (ECF No. 9-4, 7/2/08 Mot. Hr'g, PgID 107.)

Petitioner was sentenced to 25 to 40 years' imprisonment for first-degree criminal sexual conduct. (ECF No. 9-6, 7/9/08 Sent. Hr'g, PgID 179.) At sentencing, the court told Petitioner he would be subject to sex offender registration and HIV testing, and he was "ordered to be on lifetime GPS." (*Id.* at PgID 179–80.)

Through appointed appellate counsel, Petitioner raised two issues in his application for leave to appeal, both based on the trial court's denial of Petitioner's

---

[2] At the time of the plea hearing, Circuit Court Judge Leo Borrello was assigned to Petitioner's case. Both parties consented to District Court Judge M.T. Thompson, Jr., standing in for Judge Borrello for the purpose of taking Petitioner's plea. (ECF No. 28-1, 5/22/08 Hr'g Tr., PgID 615–16.) Judge Borchard was assigned to Petitioner's case the following week, on May 28, 2008. (ECF No. 9-1, Trial Ct. Dkt., PgID 70.)

motion for plea withdrawal. (ECF No. 9-13, Application for Leave, PgID 263–77.) The first issue alleged ineffective assistance of counsel, because Petitioner was unaware that his conviction would require lifetime electronic monitoring ("LEM") and registration as a sex offender. (*Id.* at PgID 269–72.) The second alleged a violation of due process rights based on Petitioner's incorrect perception that he would receive a life sentence if he proceeded to trial. (*Id.* at PgID 273–76.)

The Michigan Court of Appeals denied Petitioner leave to appeal in a standard form order. *People v. Saylor*, No. 302633 (Mich. Ct. App. March 30, 2011); (*see* ECF No. 9-13, Order on Leave, PgID 259.) The Michigan Supreme Court initially directed the prosecutor to respond to Petitioner's application for leave to appeal, inviting it to address whether another case before it, also involving sex offender registration, was correctly decided. *See People v. Saylor*, 804 N.W.2d 739 (Mich. 2011) (Mem) (citing *People v. Fonville*, 291 Mich. App. 363 (2011)). In a separate opinion, Justice Kelly indicated that she would have remanded Petitioner's case to the trial court for a hearing to determine whether Petitioner had received ineffective assistance of counsel. *Id.* (citing *People v. Ginther*, 390 Mich. 436 (1973)) (Kelly, J.). The state supreme court ultimately denied the application for leave because it was "not persuaded that the questions presented should be reviewed by this Court." *People v. Saylor*, 491 Mich. 890 (2012) (Mem).

Petitioner subsequently filed a motion for relief from judgment in the trial court through a new, retained attorney. (ECF Nos. 9-5, 9-6, 9-8.) The issues raised in the motion included jurisdictional defects due to the trial judge's conflict of interest, an invalid and unconstitutional sentence, ineffective assistance of trial counsel regarding sentencing consequences, and ineffective assistance of appellate counsel. (ECF No. 9-5, Motion for Relief from Judgment, PgID 124.)

The trial court denied the motion. (ECF No. 9-11 10/22/13 Order, PgID 237–40.) Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, which the court denied. *People v. Saylor*, No. 321447 (Mich. Ct. App. Sept. 19, 2014). Petitioner did not file an application for leave to appeal in the Michigan Supreme Court. (ECF No. 9-16, L. Royster Aff't, PgID 436.) Petitioner filed the pending habeas petition on December 2, 2014. (ECF No. 1, Petition.)

In 2015, this Court granted Respondent's motion for summary judgment on the grounds that the habeas petition was time-barred. *Saylor v. Haas*, No. 2:14-CV-14557, 2015 WL 6125267, *2 (E.D. Mich. Oct. 19, 2015) (citing *Evans v. Chavis*, 546 U.S. 189, 197 (2006); *Ross v. McKee*, 465 F. App'x 469, 473 (6th Cir. 2012)). On appeal, the Sixth Circuit found that Petitioner's filing was not untimely, based on its recent ruling in *Holbrook v. Curtin*, 833 F.3d 612 (6th Cir. 2016). *Saylor v. Brewer*, Case No. 15-2469 (6th Cir. Sept. 9, 2017) (unpublished); (*see* ECF No. 16.) *Holbrook* held that the limitations period for filing a habeas petition is tolled during

the time to appeal the denial of a state post-conviction motion, even if the petitioner never filed an appeal. 833 F.3d at 619. The Sixth Circuit remanded the matter back to this Court to address his petition on the merits. (ECF No. 16.)

Now before the Court, the petition raises the following issues:[3]

    I.    The trial court abused its discretion in denying the motion for plea withdrawal prior to sentencing, where ineffective assistance of initial counsel meant that petitioner did not understand the consequences and penalties of his plea

    II.    Ineffective assistance of initial counsel where petitioner did not understand the consequences and penalties of his plea

    III.    Jurisdictional defects

    IV.    Unconstitutional sentence

    V.    Ineffective assistance of counsel

    VI.    Ineffective assistance of counsel on appeal

## II.   STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

---

[3] In his reply to Respondent's answer to his petition, Petitioner rephrased his claims and reduced their number to five. (ECF No. 23, Reply Br., PgID 554.) Petitioner did not seek amendment of his petition, and Respondent's answer was based on Petitioner's claims as originally presented. Because the claims as listed and organized in the reply brief raise the same issues as his original petition, the Court will address the claims as they appear in the petition. (*See* ECF No. 1.)

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case[.]" *Id*. at 409. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411.

Further, "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410). "AEDPA also requires federal

habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Id.* at 473–74 (citing 28 U.S.C. § 2254(e)(1)).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103.

"[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." *Id*. at 98. Where the state court's decisions provide no rationale, the burden remains on the habeas petitioner to demonstrate that "there was no reasonable basis for the state court to deny relief." *Id*.

However, when a state court has explained its reasoning, that is, "[w]here there has been one reasoned state judgment rejecting a federal claim," federal courts should presume that "later unexplained orders upholding that judgment or rejecting

the same claim rest upon the same ground." *Wilson v. Sellers*, 138 S. Ct. 1188, 1194 (2018) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). Accordingly, when the last state court to rule provides no basis for its ruling, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and apply *Ylst*'s presumption. *Id.* at 1192. The "look through" rule applies whether the last reasoned state court opinion based its ruling on procedural default, *id.* at 1194 (citing *Ylst*, 501 U.S. at 803), or ruled on the merits. *Id.* at 1195 (citing *Premo v. Moore*, 562 U.S. 115, 123–133 (2011)) (other citation omitted).

## III.   DISCUSSION

The state courts have adjudicated Petitioner's claims on the merits. *See People v. Saylor*, No. 302633 (Mich. Ct. App. March 30, 2011) (denying application for leave to appeal "for lack of merit in the grounds presented") (ECF No. 9-13); *People v. Saylor*, No. 08-030880-FC (Saginaw County Cir. Ct. Oct. 22, 2013) (denying Petitioner's claims on procedural grounds and, alternatively, on the merits) (ECF No. 9-11). The trial court's order on Petitioner's motion for relief from judgment is a "reasoned state judgment." *Wilson*, 138 S. Ct. at 1194. Accordingly, the Court will "look through" the appellate court order denying leave to appeal that ruling and presume that court adopted the trial court's reasoning. *Id.*; *Ylst*, 501 U.S. at 803.

Respondent argues that two of Petitioner's grounds for relief, Grounds III and IV, are procedurally defaulted. Federal habeas courts "may sometimes reach the merits of a petitioner's claim, particularly when the merits are easily resolvable against the petitioner while the procedural issues are complicated." *Smith v. Nagy*, 962 F.3d 192, 207 (6th Cir. 2020) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)) (other citations omitted). The Court will address all issues on the merits.

### A. Trial court error in denying Petitioner's motion for plea withdrawal

Petitioner argues first that his due process rights were violated when the trial court denied his motion to withdraw his plea, which was unknowing due to the ineffective assistance of his attorney. Petitioner asserts that counsel told him his options were either a life sentence or the plea offer's term of incarceration of 25 to 40 years; he was not informed he could go to trial. (ECF No. 9-3, 6/16/08 Mot. Hr'g Tr., PgID 95.) Petitioner further argues he had only five minutes with his attorney before the plea was entered, which was insufficient to address all the ramifications of the plea. (*Id.* at PgID 94–95.)

At the plea hearing, the court queried Petitioner on whether he understood the rights he was giving up by his plea. It asked more than once whether Petitioner understood that he was not going to receive a trial of any kind due to his plea. (ECF No. 28-1, 5/28/08 Plea Hr'g, PgID 618–19.) The court listed specific trial rights, including the rights to be tried by a jury, to be presumed innocent, and to remain

10

silent at trial or to testify. (*Id.* at PgID 619.) Petitioner asserted to the court that he understood. (*Id.* at PgID 618–20.)

The trial court, applying Michigan Court Rule 6.310(b), rejected Petitioner's motion based on his failure to demonstrate that plea withdrawal was in the best interests of justice. (ECF No. 9-4, 7/2/08 Hr'g Tr., PgID 107.) It rejected the argument a second time when it denied Petitioner's motion for relief from judgment. (ECF No. 9-11, 10/22/13 Order, PgID 239–40.) As Petitioner voluntarily confessed his offenses to law enforcement and faced a potential life sentence or the consecutive application of multiple 25-year mandatory minimum terms, the court held there was no reasonable likelihood that he would have rejected the plea offer had he been informed of the lifetime electronic monitoring requirement. (*Id.*)

As a threshold matter, there is no federal constitutional right to withdraw a guilty plea. *Hynes v. Birkett*, 526 F. App'x 515, 521 (6th Cir. 2013); s*ee also Adams v. Burt*, 471 F. Supp. 2d 835, 843 (E.D. Mich. 2007) (internal citations omitted). Unless the plea violated a clearly established constitutional right, permitting the plea's withdrawal is within the discretion of the state trial court. *Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005).

AEDPA deference applies to a federal habeas court's review of a state court determination whether a guilty plea was valid. *Fitzpatrick v. Robinson*, 723 F.3d 624, 639 (6th Cir. 2013). "[G]uilty pleas must be entered knowingly, voluntarily,

and intelligently in order to be constitutionally effective." *Id.* (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). This requires that the defendant "understand the nature of the charges against him and the consequences of pleading guilty, including the possible punishments and loss of other rights." *Id.* (citing *Brady*, 397 U.S. at 749) (other citations omitted).

"'The validity of a guilty plea is assessed by reviewing the totality of the circumstances surrounding the plea.'" *United States v. Hockenberry*, 730 F.3d 645, 662 (6th Cir. 2013) (quoting *United States v. Young Ko*, 485 F. App'x 102, 104 (6th Cir. 2012)). The defendant must have a "sufficient awareness of the relevant circumstances and likely consequences." *Id.* (citing *Brady*, 397 U.S. at 748). "Relevant circumstances" include the possibility of a more severe sentence were a guilty verdict to result from trial. *Fitzpatrick*, 723 F.3d at 639 (citing *Brady*, 397 U.S. at 749).

Petitioner's argument that he should have been permitted to withdraw his plea is based on state law and such claims are not cognizable in habeas. Federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). This extends to the application of state court rules. *Phipps v. Romanowski*, 566 F. Supp. 2d 638, 647 (E.D. Mich. 2008) (citing *Lewis v. Jeffers*,

12

497 U.S. 764, 780 (1990)) (finding an error based on Michigan Court Rules regarding plea withdrawal non-cognizable on habeas review).

State court rulings on issues of state law may rise to the level of due process violations if they "'offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)). But they must be "so egregious that [they] result[] in a denial of fundamental fairness." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

The record is clear that Petitioner was not informed at his plea hearing that he would be subject to lifetime electronic monitoring or required to register as a sex offender based on his guilty plea. He was told of both requirements at sentencing. (ECF No. 9-6, 7/9/08 Sent. Hr'g, PgID 179–80.) The Michigan Supreme Court has held that lifetime electronic monitoring is a direct consequence of a guilty plea to first-degree criminal sexual conduct, and that a failure to inform a defendant about LEM renders a plea unknowing and involuntary. *People v. Cole*, 491 Mich. 325, 327–28, 335 (2012).

A recent decision of this Court denied habeas relief under similar circumstances, where a petitioner "was not informed on the record at either his plea proceeding or at his sentencing that he would be subject to lifetime electronic monitoring[,]" although the requirement was noted on his judgment of sentence.

*Smith v. Bauman*, No. 5:10-CV-11052, 2018 WL 1399312, at *4 (E.D. Mich. Mar. 19, 2018) (O'Meara, J.), *aff'd*, No. 18-1385, 2019 WL 4865345 (6th Cir. June 25, 2019), *reh'g denied* (Aug. 14, 2019). Acknowledging *Cole*, the habeas court held that "the state trial court's failure to comply with the procedural rule set forth in *Cole* is not a basis for habeas relief," because errors of state law do not entitle a petitioner to federal habeas relief. *Id.* (citing *Lewis*, 497 U.S. at 780; *Pulley v. Harris*, 465 U.S. 37, 41 (1984)). In addition, no clearly-established precedent of the United States Supreme Court has found that a plea is unknowing or involuntary where a habeas petitioner was unaware a consequence of the conviction would be lifetime electronic monitoring or sex offender registration. *Id.* at *5.

Because Petitioner's claim arises under state law and court rules, it is not cognizable on habeas review. Furthermore, Petitioner's circumstances do not invoke the fundamental fairness exceptions of *Montana*, 518 U.S. at 43, and *Bugh*, 329 F.3d at 512. The trial court's rejection of Petitioner's motion to withdraw his plea was not unreasonable.

### B. Ineffective assistance of plea counsel

Petitioner asserts as part of his first issue that his plea was unknowing due to the ineffective assistance of counsel. His second issue raises the same argument as an independent claim. The Court will address this argument as one issue: That trial counsel was ineffective based on his failure to advise Petitioner on the consequences

14

and penalties of his plea, that is, lifetime electronic monitoring, sex offender registration, and his prospective prison term. Petitioner cannot overcome AEDPA's high bar for habeas relief on this claim.

Claims for habeas relief based on ineffective assistance of counsel are evaluated under a "doubly deferential" standard. *Abby v. Howe*, 742 F.3d 221, 226 (6th Cir. 2014) (citing *Burt v. Titlow*, 571 U.S. 12, 15 (2013)). The first layer of deference is the familiar deficient performance plus prejudice standard of *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). That is, a habeas petitioner must show "that counsel's representation fell below an objective standard of reasonableness[,]" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (citations omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Williams v. Lafler*, 494 F. App'x 526, 532 (6th Cir. 2012) (per curiam) (quoting *Strickland*, 466 U.S. at 694)). *Strickland* requires a "'strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.'" *Abby*, 742 F.3d at 226 (citing *Strickland*, 466 U.S. at 689).

AEDPA provides the second layer of deference, under which a federal habeas court may "examine only whether the state court was reasonable in its determination that counsel's performance was adequate." *Abby*, 742 F.3d at 226 (citing *Burt*, 571

15

U.S. 12). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable," which "is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington*, 562 U.S. at 101.

*Strickland* analysis applies to guilty plea challenges based on ineffective assistance of counsel. *Lafler*, 566 U.S. at 162–63 (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)). The first prong remains the question of attorney competence. *Id.* This is true whether the faulty advice is affirmative or by omission. *See Padilla v. Kentucky*, 559 U.S. 356, 369–74 (2010) (rejecting limitation of standard to only affirmative advice).

To demonstrate prejudice in the plea context, "a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler*, 566 U.S. at 163 (citing *Missouri v. Frye*, 566 U.S. 134, 148 (2012); *Hill*, 474 U.S. at 59). A petitioner must also show that "a decision to reject the plea bargain would have been rational under the circumstances." *Padilla*, 559 U.S. at 372 (citing *Roe v. Flores–Ortega*, 528 U.S. 470, 480 (2000)).

Here, trial counsel's failure to inform Petitioner of the lifetime electronic monitoring and sex offender registration when advising him whether to take the plea fell below professional norms. However, the trial court was not unreasonable in finding Petitioner could not demonstrate prejudice.

Petitioner voluntarily approached and confessed to local law enforcement the repeated sexual abuse of his daughters who were between the ages of two and four years old. (ECF No. 28-1, 5/22/08 Hr'g Tr., PgID 621.) He was charged with five counts of first-degree criminal sexual conduct (CSC1), victim under the age of 13. The plea offer dismissed all but one count of CSC1. The offer also included the recommendation of a twenty-five to forty-year sentence, not the life term available under the statute. Mich. Comp. Laws § 750.520b(2)(b). Finally, accepting the plea offer eliminated the potential for consecutive terms for each count, which the statute authorizes for multiple convictions. Mich. Comp. Laws § 750.520b(3). In view of his exposure to a life sentence or the imposition of multiple consecutive sentences reflecting the mandatory twenty-five-year minimum, Petitioner's rejection of the plea offer's single count conviction and twenty-five to forty-year recommended sentence would have not been rational.

Petitioner also argues in his response brief that trial counsel was ineffective in advising him to take the plea offer, because its benefits were "grossly exaggerated" due to the difference between the 25-year minimum sentence and his calculated guidelines sentence of 108 to 180 months. (ECF No. 23, Response, PgID 560.) As explained in section IV.D., *infra*, the mandatory minimum was appropriately applied to Petitioner and a guidelines sentence would not have been available to him. Trial

counsel was not ineffective for failing to advise Petitioner about a lower sentence that would not apply to his charges.

The question before the habeas court is not whether Petitioner received constitutionally ineffective assistance of counsel, but whether the state court was unreasonable in applying *Strickland* and determining that he did not. *Harrington*, 562 U.S. at 101; *see also Schriro*, 550 U.S. at 473 (AEDPA requires meeting "a substantially higher threshold"). Because the state court was not unreasonable in its finding on this issue, Petitioner is not entitled to habeas relief.

### C. Jurisdictional defects

Petitioner argues that the Saginaw County Circuit Court judge who took his plea, Judge Fred Borchard, was under a conflict of interest because he was the brother of the prosecutor, James Borchard. Petitioner raised this issue in his motion for relief from judgment, which was denied by Judge Borchard. (*See* ECF No. 9-11, 10/22/13 Order, PgID 238–39.) That order found Petitioner's argument that the conflict resulted in a jurisdictional defect "meritless." (*Id*.)

Petitioner subsequently filed a motion to disqualify the judge, which was heard by the Chief Judge of the Bay County Circuit Court. (ECF No. 9-12, 1/9/2014 Hr'g Tr., PgID 243.) The judge denied Petitioner's motion, ruling that Petitioner had failed to raise a timely motion to disqualify the judge, that he had shown no actual

prejudice, and that no appearance of impropriety required Judge Borchard's disqualification. (*Id.* at PgID 249.)

In *Railey v. Webb*, the Sixth Circuit denied habeas relief on the grounds that due process was violated by the "familial relationship" of the prosecutor and judge, uncle and nephew respectively. 540 F.3d 393, 413 (6th Cir. 2008). *Railey* commenced its analysis with the assertion that it is "clear [that] due process demands that the judge be unbiased." *Id.* at 399 (citing *In re Murchison*, 349 U.S. 133, 136 (1955)). The minimum requirement of due process "requires a 'fair trial in a fair tribunal,' before a judge with no actual bias against the defendant or interest in the outcome of his particular case." *Bracy v. Gramley*, 520 U.S. 899, 904–05 (1997) (citing *Withrow v. Larkin*, 421 U.S. 35, 46 (1975); *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 821–22 (1986); *Tumey v. Ohio*, 273 U.S. 510, 523 (1927)).

However, *Railey* continued, "it is also clear that judicial disqualification based on a likelihood or an appearance of bias is not always of *constitutional* significance; indeed, 'most matters relating to judicial disqualification d[o] not rise to a constitutional level.'" 540 F.3d at 400 (quoting *Fed. Trade Comm'n v. Cement Inst.*, 333 U.S. 683, 702 (1948)). The Supreme Court recognizes "four types of cases that . . . generally do *not* rise to a *constitutional* level—'matters of [1] kinship, [2] personal bias, [3] state policy, [and][4] remoteness of interest.'" *Id.* (citing *Tumey*, 273 U.S. at 523; *Lavoie*, 475 U.S. at 820); *see also Caperton v. A.T. Massey Coal*

*Co.*, 556 U.S. 868, 876 (2009) (citing *Tumey*, 273 U.S. at 523) (its four types of cases "'would seem generally to be matters merely of legislative discretion'").

Because *Railey* was a habeas petition brought under AEDPA, the court characterized the question before it as "not whether the likelihood or appearance of bias stemming from this kinship violates due process[, but] . . . . whether such a violation was 'clearly established' by Supreme Court precedent." 540 F.3d at 401. *Railey* found that no such precedent existed. *Id.*

Accordingly, the state courts' rulings that due process was not violated by the sibling relationship between Prosecutor Borchard and Judge Borchard was not unreasonable. As *Railey* notes, no clearly established Supreme Court precedent requires finding a due process violation under the circumstances. Further, such a "kinship" relationship does not raise constitutional issues. *Tumey*, 273 U.S. at 523; *Lavoie*, 475 U.S. at 820. Finally, Petitioner has not provided any evidence supporting judicial bias, nor has he otherwise established he was prejudiced by the purported conflict of interest. Petitioner is not entitled to relief on this issue.

Petitioner's allegation of a jurisdictional defect based on the purported conflict of interest also fails. "Determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976) (per curiam). "[A] state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for

purposes of federal habeas review." *Strunk v. Martin*, 27 F. App'x 473, 475 (6th Cir. 2001). Petitioner is not entitled to habeas relief on this issue.

### D. Unconstitutional sentence

Petitioner next argues that his sentence of 25 to 40 years' incarceration is beyond statutory authority. He claims the sentence violates the Ex Post Facto clause, because his offense occurred in June 2006 and the pertinent statute was amended with an effective date of August 28, 2006. *See* 2006 Mich. Legis. Serv. Public Act 169 (H.B. 5421). Public Act 169 amended the sentence available under Mich. Comp. Laws § 750.520b(2)(b) to "imprisonment for life or any term of years, but not less than 25 years" for a conviction of first-degree criminal sexual conduct "committed by an individual 17 years of age or older against an individual less than 13 years of age[.]" *Id.*

The trial court's ruling on Petitioner's motion for relief from judgment, the state courts' last reasoned opinion, noted that the period of Petitioner's offenses ran from June 2006 to April 2008. (*See* ECF No. 9-11, 10/22/13 Order, PgID 239.) That time period was based on Petitioner's acknowledgement at his plea hearing that he abused his daughters repeatedly between June 1, 2006 and April 26, 2008. (ECF No. 28-1, 5/22/08 Plea Hr'g Tr., PgID 621–22.) Because the last offense was after the statute's amendment, the trial court ruled that the Ex Post Facto prohibition did not

apply, and that Petitioner was properly sentenced to the mandatory minimum of twenty-five years. (ECF No. 9-11, 10/22/13 Order, PgID 239.)

Generally, a sentence whose length is within statutory limits is not subject to appellate or habeas review. *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004) (citation omitted); *Cook v. Stegall*, 56 F. Supp.2d 788, 797 (E.D. Mich. 1999). Such a sentence "will not [be] set aside, on allegations of unfairness or an abuse of discretion . . . unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking." *Doyle*, 347 F. Supp. 2d at 485. In fact, "federal habeas review of a state court sentence ends once the court makes a determination that the sentence is within the limitation set by statute." *Id.* (citing *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000); *Allen v. Stovall*, 156 F. Supp. 2d 791, 795 (E.D. Mich. 2001)).

Petitioner's sentence was within statutory limits. He admitted to the dates of the offense on which he was convicted which extended well after the statute's amendment. Petitioner's sentence of 25 to 40 years for the repeated abuse of his two- to four-year old daughters is neither disproportionate nor arbitrary. His sentence is not unconstitutional.

### E. Ineffective assistance of counsel

Petitioner's Grounds I and V appear identical, despite his assertion that they are distinct. (*See* ECF No. 1, Petition, PgID 4, 13.) However, because he links

Ground V to his motion for relief from judgment, *id*. at 13, it appears that this claim of ineffective assistance is based on trial counsel's failure to review the law and object to the application of the twenty-five-year mandatory minimum sentence in the amended version of Mich. Comp. Laws § 750.520b. (*See* ECF No. 9-5, Mot. Rel. J., PgID 148–49.) Petitioner argues that he was prejudiced because he received the mandatory minimum, instead of the guidelines sentence of 108 to 180 months. (*Id*. at 149.)

As the Court explained in the previous section, the amended version of the statute applied to Petitioner, because the time period of the criminal conduct to which he pled extended well past the effective date of the amendment. Hence, any objection by trial counsel would have been futile. Where "counsel was under no professional obligation to make meritless objections. . . . [and] defense counsel's failure to object could not have prejudiced the defense or undermined confidence in the outcome of the trial[,]" an attorney will not be found ineffective. *Conley v. Warden Chillicothe Corr. Inst*., 505 F. App'x 501, 508 (6th Cir. 2012) (citing *Bradley v. Birkett*, 192 F. App'x 468, 475 (6th Cir. 2006).

### F.  Ineffective assistance of counsel on appeal

Finally, Petitioner claims that his appellate attorney was ineffective for failing to raise the claims addressed in his habeas petition. Again, the "doubly deferential" standard of *Abby*, 742 F.3d at 226, applies, and the Court must determine whether

the state court applied *Strickland*, 466 U.S. 668, "in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 699 (2002).

A criminal defendant has no "constitutional right to have his counsel press nonfrivolous points if counsel decides as a matter of professional judgment not to press those points." *Williams v. Bagley*, 380 F.3d 932, 973 (6th Cir. 2004) (citing *Coleman v. Mitchell*, 244 F.3d 533, 541 (6th Cir. 2001)). Because the Court has examined each of the claims in the petition and determined they lack merit, Petitioner cannot demonstrate either deficient performance or prejudice on the part of his appellate attorney. *Cf. Buell v. Mitchell*, 274 F.3d 337, 352 (6th Cir. 2001). Petitioner is not entitled to habeas relief on this claim.

### G. Certificate of appealability

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The

district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court denies Petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of Petitioner's claims to be debatable or wrong. *Johnson v. Smith*, 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002) (citing *Slack*, 529 U.S. at 484). The Court also denies Petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV.   CONCLUSION

For the reasons stated above, the Court DENIES WITH PREJUDICE the petition for a writ of habeas corpus.

The Court further DENIES a certificate of appealability and leave to appeal *in forma pauperis*.

IT IS SO ORDERED.


Dated: July 28, 2020

s/Paul D. Borman
Paul D. Borman
United States District Judge